**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

JAN 23 2024

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| MARICELA VALENCIA ALVAREZ; et al., | No. 22-973 |
| Petitioners, | Agency Nos. A206-267-096 A209-168-990 A206-267-097 A206-267-098 |
| v. | |
| MERRICK B. GARLAND, Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted January 17, 2024[**]

Before:     S.R. THOMAS, McKEOWN, and HURWITZ, Circuit Judges.

Maricela Valencia Alvarez and her children, natives and citizens of Mexico,

petition pro se for review of the Board of Immigration Appeals' order dismissing

their appeal from an immigration judge's decision denying their application for

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

asylum, and Valencia Alvarez's applications for withholding of removal and protection under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence the agency's factual findings. *Conde Quevedo v. Barr*, 947 F.3d 1238, 1241 (9th Cir. 2020). We review de novo questions of law. *Id*. We deny the petition for review.

Substantial evidence supports the agency's determination that petitioners failed to establish they were or would be persecuted on account of a proposed particular social group related to family. *See INS v. Elias-Zacarias*, 502 U.S. 478, 483 (1992) (an applicant "must provide *some* evidence of [motive], direct or circumstantial"); *see also Zetino v. Holder*, 622 F.3d 1007, 1016 (9th Cir. 2010) (an applicant's "desire to be free from harassment by criminals motivated by theft or random violence by gang members bears no nexus to a protected ground"). Because petitioners do not challenge the agency's determination regarding a proposed particular social group related to small business owners, we do not address it. *See Lopez-Vasquez v. Holder*, 706 F.3d 1072, 1079-80 (9th Cir. 2013). Thus, petitioners' asylum claim fails.

Because Valencia Alvarez failed to establish any nexus at all, she also failed to satisfy the standard for withholding of removal. *See Barajas-Romero v. Lynch*, 846 F.3d 351, 359-60 (9th Cir. 2017).

Substantial evidence also supports the agency's denial of CAT protection because Valencia Alvarez failed to show it is more likely than not she will be tortured by or with the consent or acquiescence of the government if returned to Mexico. *See Wakkary v. Holder*, 558 F.3d 1049, 1067-68 (9th Cir. 2009) (no likelihood of torture).

The temporary stay of removal remains in place until the mandate issues.

**PETITION FOR REVIEW DENIED.**